## REESE'S APPEAL IN THE MATTER OF WIDENING KEARNY STREET.

OWNER OF FEE OF LOT TO PAY TAX FOR WIDENING STREET.—The Commissioners appointed to estimate benefits and assess damages for widening a street in San Francisco under the Act of April 4th, 1864, may properly assess the expenses to be borne by a lot which is under lease, to the owner of the fee, where the benefits all accrue to such owner, without apportioning any part of the same to the lessee.

APPEAL from the County Court, City and County of San Francisco.

The general facts connected with this case will be found stated in *Piper's Appeal, ante*, 530.

Reese was the owner of a lot on Washington street, lying fifty-eight and one half feet westerly of Kearny street. He had leased a part of the lot to three several tenants. The leases were dated March 1st, 1864, August 1st, 1864, and April 15th, 1865, and were each for a term of five years. He objected to the confirmation of the report of the Commissioners. The County Court overruled his objections, and confirmed the report, and he appealed.

The other facts are stated in the opinion of the Court.

*J. B. Crockett*, and *Edward J. Pringle*, for Appellant.

*A. Campbell*, for Respondent.

By the Court, SAWYER, J.:

This case involves the same questions determined in *Piper's Appeal, ante,* 530, and it is unnecessary to discuss them here. But one additional point appears to be relied on, and the principles by which it must be governed were also determined in that case. In this case the land is under a lease. It is situate on a cross street, but within a few feet of the new line of Kearny street when widened, and on the side upon which the addition is to be made. The portion of the expenses assessed against the land is all assessed to the owner of the fee. The appellant claims that a part of it should have been assessed against the lessees. The Commissioners took the lease into consideration, and, after a careful investigation, concluded that none of the benefits would accrue to the lessees, but all would accrue to the owner of the fee. They thought that the benefits to accrue from the widening of Kearny street would not be felt on the cross street till the widening should be completed, the new buildings erected, the new sidewalks constructed, and the street in its improved condition open to travel; that the time which would be required to complete the improvement, especially when the magnitude of the work and the probability of obstruction and delay likely to arise from litigation in regard to it is considered, was uncertain; that while the improvements were going on, the destruction of the buildings, the obstruction of the street, and the general disturbance consequent upon the work would interfere with the travel and business of the neighborhood for 'the time, and be a damage to the lessees rather than a benefit; that the full amount of rents would still be received during the time by the landlord; that the benefits would be for all time, and would accrue to him; and that no benefits over the damages resulting from the disturbance and interference with business would accrue to the lessees. The testimony is certainly insufficient to overthrow this view. We see nothing further of sufficient plausibility to require notice. The order confirming the Commissioners' report is affirmed.

Neither Mr. Justice RHODES nor Mr. Justice SANDERSON expressed any opinion.